UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT L. COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.: 1:09-CR-118 |
| | ) | (1:11-CV-159) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

## OPINION AND ORDER

This matter is before the Court on the motion for reconsideration filed by petitioner Robert Cole on October 31, 2011 (docket at 56). The United States Attorney's Office chose not to file a response to Cole's motion, having already presented the government's arguments in its brief opposing a prior motion by Cole to vacate his sentence. For the reasons stated below, the motion for reconsideration is DENIED.

On February 9, 2010, Cole pleaded guilty to two charges–possession of crack cocaine with intent to distribute and carrying a firearm in relation to a drug trafficking crime. On May 17, 2010, this Court sentenced Cole to a term of imprisonment of 240 months to be followed by a term of Supervised Release of eight years. This prison term consisted of a 180-month term on Count 3 and a mandatory 60-month term on Count 4 (to run consecutively to the term imposed on Count 3). Prior to his sentencing, Cole entered into a plea agreement with the government in which the parties agreed to a binding sentence of 240 months. Cole was sentenced as a career offender, which meant that the guideline range for his offenses was 262 to 327 months. By statute, Cole could have received up to life in prison.

On May 16, 2011, Cole filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On October 14, 2011, this Court issued an Opinion and Order denying Cole's § 2255 petition. (Docket at 53.) In his present motion, Cole asks the Court to reconsider that ruling. In his motion, Cole repeats an argument he made in his § 2255 motion, which is that the government breached the plea agreement and therefore Cole's sentence should be vacated or at least modified. Cole contends that this breach occurred when his Presentence Investigation Report (PSIR), prepared by the U.S. Probation Office, concluded that Cole was responsible for possessing and/or distributing a total of 232 grams of "crack" cocaine. This total amount included 87.2 grams of actual "crack" found on Cole's person, sold to undercover informants, and found at a "stash house" used by Cole. When Cole was arrested, police discovered $6,154.00 in his vehicle. When the U.S. Probation Office prepared Cole's PSIR, they converted that amount of cash into an equivalent amount of "crack," pursuant to §2D1.1 of the U.S. Sentencing Guidelines. That amount of cash "equaled" another 145.14 grams of "crack," thereby equaling a total of 232 grams.

Cole contends that since his plea agreement contained a provision stating that "the amount of cocaine base, commonly known as 'crack,' involved in the offense of conviction including relevant conduct was at least 50 grams but less than 150 grams[.]," the government breached the plea agreement when the Probation department concluded that he was responsible for 232 grams of "crack." Cole claims this discrepancy invalidates his plea agreement.

In its Order entered on October 14, the Court explained to Cole that the provision of the plea agreement he references was a *non-binding* provision. Accordingly, the government did not breach the plea agreement simply because the Probation department concluded in the PSIR that Cole was responsible for a larger amount of "crack" than was stated in his plea agreement. In addition, Cole never lodged any objections to his PSIR, even though he was afforded ample opportunity to do so. More importantly, however, is the fact that Cole ended up being sentenced pursuant to §4B1.1, the section of the U.S. Sentencing Guidelines that applies to career criminals. It was Cole's designation as a career offender that resulted in a guideline range of 262 to 327 months. Even so, his lawyer was able to negotiate a plea agreement that called for a binding term of imprisonment of 240 months. As the Court also explained in its previous Order, Cole entered into the plea agreement knowingly and stated repeatedly at his plea hearing that he understood the terms of the agreement. The Court accepted the binding agreement and sentenced Cole to 240 months, a term that is obviously *below* the low end of the guideline range. Therefore, the plea agreement was not breached. In an Order docketed on October 17, 2011 (docket at 55), this Court stated that it would not issue a certificate of appealability and that if Cole wished to appeal this Court's ruling on his previous motion under § 2255 he would have to seek permission to do so directly from the Seventh Circuit Court of Appeals. That directive stands. Petitioner's motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration filed by defendant Robert L. Cole is DENIED.

Date: December 27, 2011.

    /s/   William C. Lee  
William C. Lee, Judge  
United States District Court