UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NUMBER: 1:09 CR 118 |
| | ) | |
| ROBERT L. COLE | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Defendant, Robert Cole, a federal prisoner, sought appointment of counsel to determine if his sentence should be reduced under the provisions of the First Step Act of 2018. On March 4, 2019, this Court referred the defendant's case to the Federal Community Defenders, Inc. ("FCD") to determine if the defendant qualified for the relief he sought and the FCD filed his appearance on the same date. Subsequently, the FCD moved to withdraw as counsel after he concluded that Cole was ineligible for relief under the First Step Act. This Court granted that motion on April 29, 2019. [DE 82]. Cole was advised that if he disagreed with the FCD's conclusion, upon the FCD's withdrawal he may file a *pro se* motion for reduction of sentence. [DE 75]

This leads the Court to Cole's present *pro se* motion styled "Motion for Equitable Relief Pursuant to the First Step Act of 2018, §404, Alternatively, Pursuant to 18 U.S.C. §3582, §3553, §3661, Respective to Petitioner's Term of Imprisonment" [DE 83] filed on May 16, 2019. The Government responded on May 21, 2019 and the Defendant replied on June 10, 2019. For the following reasons, the Court will GRANT Cole's Motion as it relates to his eligibility to be considered for relief under the First Step Act. The Court will TAKE UNDER ADVISEMENT Cole's motion with respect to the issue of resentencing. The FCD will be reappointed for purposes of raising any issues as to resentencing.

1

**PROCEDURAL BACKGROUND**

Cole was charged in a four count Indictment that included drug and gun offenses. Specifically, Counts 3 and 4 charged Cole with possessing with intent to distribute 5 grams or more but less than 50 grams of cocaine base "crack" in violation of 21 U.S.C. §841(a)(1) and carrying a firearm during and in relation to that drug trafficking crime in violation of 18 U.S.C. §924(c). Count 3 was based on actual conduct involving 42.2 grams of cocaine base "crack" and carried a mandatory minimum of five years. In addition, the firearms offense carried a mandatory consecutive sentence of not less than five years, bringing the aggregate minimum Cole faced to ten years. 18 U.S.C. § 924(c)(1)(A) ("[A]ny person who, during and in relation to any ... drug trafficking crime ... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime ... be sentenced to a term of imprisonment of not less than 5 years."). The Government also filed its notice under 21 U.S.C. §851(a)(1) indicating its reliance on a prior felony drug conviction to double the statutory drug penalty in Count 3 to a mandatory 10 years for Cole, or an aggregate mandatory sentence of 180 months.

Cole ultimately pled guilty to Counts 3 and 4. At sentencing however, Cole was further determined to be a career offender under U.S.S.G. §4B1.1 based on two prior controlled substance offenses. Based on this determination, Cole faced a sentencing guideline range of 262 to 327 months. However, in his plea agreement, the parties agreed to a binding sentence of 240 months. In reliance on that plea agreement, the undersigned sentenced Cole to 180 months imprisonment for Count 3 and a 60 month consecutive sentence for Count 4.

## DISCUSSION

Long ago the Supreme Court established the general principle that, "[n]o one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved." *Mackey v. United States*, 401 U.S. 667, 691, 91 S. Ct. 1171, 1179 (1971) (Harlan, J., concurring in judgments in part and dissenting in part). For this reason, " 'a judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (quoting 18 U.S.C. § 3582(b)).

Relevant here, §3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute ...." (Emphasis added). In this regard, §404(b) of the First Step Act of 2018 ("First Step Act") expressly permits the Court "that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act of 2018, 115 Pub. L. 391 § 404, 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.*.

Review under the First Step Act is a two-step process. *See United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. May 16, 2019). The first step is determining eligibility. Once a defendant is determined to be eligible for a reduced sentence, the Court then determines whether to exercise its discretion to reduce the defendant's sentence. This determination is informed by a

guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. Based on this information, the Court will then determine the extent of any reduction it decides in its discretion to award, consistent with statutory limits, non-binding guideline considerations, and the §3553 factors.

### I. Eligibility

Cole asserts that he is eligible for consideration for resentencing under §404 of the First Step Act because he was convicted of a "covered offense" before the effective date of the Fair Sentencing Act and does not implicate any of the other limitations in §404. He makes a relatively straightforward argument that his federal statute of conviction, 21 U.S.C. §841(a)(1), was, in fact, modified by the Fair Sentencing act thereby making him eligible for relief under the First Step Act.

The Government opposes Cole's motion in what appears to be part of a nationwide argument advocated by the Department of Justice in virtually all these types of cases throughout the country. The Government's position is that if the defendant pled to, was convicted of, or trafficked in, a drug quantity that matches or exceeds the triggering quantities in the amended statutory penalties, then the defendant is not eligible for relief under §404 . *See, e.g., United States v. Boulding*, 379 F. Supp. 3d at 651 ("The government argues that a defendant is eligible for consideration only if his actual offense conduct quantities fall below the statutory thresholds of the Fair Sentencing Act."); *United States v. Johnson*, No. 01-543, 2019 WL 2590951, at *2 (N.D. Ill. June 24, 2019) ("The Government argues that Johnson is not eligible for relief under the First Step Act because 'the record confirms' that the quantity of crack cocaine 'involved' in Johnson's offense was over 280 grams, such that the Fair Sentencing Act would not have modified the

applicable statutory penalty."); *United States v. Rose*, 379 F. Supp. 3d 223, 228 (S.D.N.Y. 2019) ("The Government argues that the Court should assess eligibility on the basis of Defendants' actual conduct, rather than the statute of conviction.").

With respect to Cole specifically, the Government argues that at the time of his offense, the pertinent statutory threshold under which the Government operated to charge Cole was more than 5 grams but less than 50 grams. While the Fair Sentencing Act did alter this threshold to increase the amount of crack necessary to trigger a five year mandatory minimum to 28 grams, Cole's conduct involved 42.2 grams. Thus, the Government argues that even under the Fair Sentencing Act, Cole would still be subject to a 5 year mandatory minimum sentence because the statutory penalties for Cole's *actual* conduct— possession with intent to distribute 42.2 grams of crack cocaine—were not modified by the Fair Sentencing Act.

This precise issue is currently being considered almost daily in district courts throughout the country.[1] Nearly every district court considering the issue has interpreted the plain language of the First Step Act, and held that it is "the statute of conviction, not actual conduct, that controls eligibility under the First Step Act." *E.g. United States v. Wright*, No. 03 CR 362-2, 2019 WL 3231383, at *3 (Castillo, J.) (N.D. Ill. July 18, 2019); *United States v. Johnson*, No. 01 CR 543, 2019 WL 2590951, at *3 (Leinenweber, J.) (N.D. Ill. June 24, 2019); *United States v. Booker*, No. 07 CR 843-7, 2019 WL 2544247, at *2 (Lefkow, J.) (N.D. Ill. June 20, 2019) (collecting cases); *Boulding*, 379 F. Supp. 3d 646; *United States v. Dodd*, No. 3:03 CR 18, 2019 WL 1529516, at *2

---

[1] In the last week alone, the following cases have been decided, all finding against the Government's interpretation of the statutory language. *United States v. Hill*, 2019 WL 3325801 (C.D.Ill. July 24, 2019); *United States v. Thompson*, 2019 WL 3308334, at *2 (W.D. La. July 23, 2019); *United States v. Mack*, 2019 WL 3297495 (D. New Jersey, July 23, 2019); *United States v. Ballinger*, 2019 WL 3292156 (E.D. Tenn. July 22, 2019).

(Pratt, J.) (S.D. Iowa Apr. 19, 2019); *United States v. Martin,* No. 03-CR-795, 2019 WL 1558817, at *3 (Cogan, J.) (E.D.N.Y. Apr. 10, 2019), *vacated as moot* (Apr. 22, 2019); *United States v. Davis,* No. 07 CR 245S, 2019 WL 1054554, at *2 (Skretny, J.) (W.D.N.Y. Mar. 6, 2019), *appeal docketed* No. 19-874 (2d Cir. Apr. 5, 2019). In other words, under the plain language of Section 404, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated, and not the facts admitted in a plea agreement or otherwise attributable to the defendant by judicial finding. *E.g.*, *Booker*, 2019 WL 2544247, at *3; *Dodd,* 2019 WL 1529516, at *2.

In *United States v. Rose,* 397 F.Supp. 3d 223, the Court engaged in an extended textual analysis of the statutory language in §404 to ultimately conclude that "the 'penalties' clause is most naturally read as modifying 'Federal criminal statute,' the noun phrase immediately next to it." *Id. at* 228. The Court further noted that:

> Congress appears to have deliberately inserted 'Federal criminal statute' after the word 'violation' and added the word 'statutory' before the word 'penalties' to achieve this exact result. If the Government's interpretation were correct, Congress could have straightforwardly legislated that result by omitting from § 404(a) the phrase 'Federal criminal statute,' which is already implied by the reference to the Fair Sentencing Act, and the adjective 'statutory' before the noun 'penalties.' Section 404(a) would then have read: "the term 'covered offense' means a violation, the penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." But that is not what Congress did. Instead, it inserted two otherwise unnecessary references to federal statutes, making clear that eligibility is determined by the statute(s) underlying the defendant's conviction and penalty, not the defendant's offense conduct.

*Id.* The Court bolstered its analysis by noting that any ambiguity in the reading of the statute must be resolved in a defendant's favor since "[b]oth the Fair Sentencing Act and the First Step Act have the remedial purpose of mitigating the unfairness created by the crack-to-powder cocaine ratio, and the statutes should be construed in favor of broader coverage." *Id.* at 229. Finally, the

6

Court observed that construing §404(a) in favor of broader eligibility is consistent with the rule of lenity "which is of particular concern here because of the potential unfairness of using offense conduct to exclude defendants from eligibility."

In *Boulding* the Court concluded that "eligibility under the language of the First Step Act turns on a simple, categorical question: namely, whether a defendant's offense of conviction was a crack cocaine offense affected by the Fair Sentencing Act." *Id.* at 654. As applied to that case, this determination meant that the quantity of narcotics (whether admitted, found by a jury, or found by a court) did not factor into the question of eligibility. *See, e.g.*, *United States v. Simons,* 375 F.Supp.3d 379, 387 (E.D.N.Y. April 22, 2019) ("Any argument that Simons is ineligible for relief on the basis that his actual conduct involved distribution of '280 grams or more of cocaine base,' triggering the § 841(b)(1)(A) penalties and a 10-year minimum term of imprisonment, is unsound."); *United States v. Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. Apr. 5, 2019) ("The Court holds that, in determining whether a defendant is eligible for relief under § 404 of the First Step Act, the sentencing court should look to whether the offense of conviction was modified by the Fair Sentencing Act of 2010 to determine eligibility; it should refrain from delving into the particulars of the record to determine how this specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime.").

Based on the rationale set out in all of the above authorities, the Court finds that the Government's interpretation of § 404, that is, that a defendant's actual conduct determines eligibility for resentencing under the First Step Act, is contrary to the weight of persuasive authority, both within and outside this Circuit. Accordingly, the Court concludes that Cole is eligible for First Step Act relief since his statute of conviction, without regard to actual offense

quantities, was modified by the Fair Sentencing Act.² Cole's Motion [DE 83] is therefore GRANTED in part as to the issue of Cole's eligibility for relief under the First Step Act.

## II. Is a Sentencing Reduction Warranted

If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence. The First Step Act provides: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts construe this provision to mean that a district court has discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act. *Ladd v. Kallis*, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ("The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); *United States v. Bishop,* No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); *United States v. Glore*, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019)

---

² Just 5 days ago in *United States v. Hill*, No. 07-CR-20052, 2019 WL 3325801 (Shadur, J) (C.D.Ill July 24, 2019), the Court, on nearly identical facts as Cole's case, found Mr. Hill eligible for relief under the First Step Act despite his actual conduct being 42.5 grams of crack cocaine at the time of his offense. Hill, like Cole, received a §841 enhancement and possessed a firearm in furtherance of his drug trafficking offense. The Court determined that the new offense penalties for Hill on the §841 violation were 0 to 30 years and his base offense level and final offense levels were each reduced by 4 levels. This resulted in a significant lowering of his guidelines range. Of course, in Cole's case he was deemed a career offender at his original sentencing, Probation will need to determine what affect the new sentencing range has on his ultimate sentence when the career offender adjustments are factored into the calculation.

("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences.").

Ever mindful of this Court's discretion to determine Cole's relief, the Court believes the best course of action is to reinstate the FCD to this case to address the issue of resentencing. Accordingly, the Court REAPPOINTS Attorney Thomas O'Malley from the Federal Community Defender's Office to represent Cole in all resentencing issues.

## CONCLUSION

Based on the foregoing, Cole's Motion [DE 83] is GRANTED in part and TAKEN UNDER ADVISEMENT in part. The Court REAPPOINTS attorney Thomas O'Malley from the Federal Community Defenders to represent Cole in resentencing proceedings. The Probation Office is ORDERED to file with the Court within 21 days, a revised PSR taking into account this Court's conclusion that Cole is eligible for relief under the First Step Act. Within 14 days thereafter, the FCD shall file his report to the Court advising the Court as to Cole's position on resentencing. The Government shall have 14 days to respond and Cole shall have 7 days to reply. Should the Government and the FCD reach consensus on the appropriate sentence reduction, they should notify the Court immediately so that a hearing may be scheduled.

So ordered. This 29th day of July, 2019.

s/ William C. Lee
United States District Court