UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-CR-118 |
| | ) | |
| ROBERT L. COLE | ) | |
| | ) | |

## **OPINION AND ORDER**

Defendant, Robert L. Cole ("Cole"), a federal prisoner, moved for a reduction of his sentence under the provisions of the First Step Act of 2018. [DE 83]. On July 29, 2019, the undersigned entered an Opinion and Order [DE 92] wherein the Court granted in part Cole's motion and took under advisement the remainder of the Motion. More specifically, in that Order, the Court determined Cole to be eligible for relief under the First Step Act and took under advisement his request for a sentencing reduction. The Court then reappointed the Federal Community Defender ("FCD") to represent Cole for purposes of determining any sentencing reduction that may be warranted and ordered the Probation Office to file an addendum taking into account the Order entered by the Court. Shortly thereafter, the Probation Office filed its addendum which was followed by the FCD's Motion to Reduce Sentence [DE 95] and Supplemental brief in support. [DE 96]. The Government responded in opposition. [DE 97].

For the following reasons, the Court shall DECLINE to exercise its discretion to reduce Cole's term of imprisonment but shall EXERCISE its discretion to reduce his supervised release term. Cole's Motion to Reduce Sentence [DE 95] will therefore be DENIED in part and GRANTED in part and Cole's Motion for Equitable Relief previously taken under advisement

1

[DE 83] will likewise be GRANTED in part and DENIED in part, consistent with this Opinion and Order.

## DISCUSSION

Review under the First Step Act is a two-step process. *See United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. May 16, 2019). The first step is determining eligibility. In this Court's prior Order the Court determined that Cole "is eligible for First Step Act relief since his statute of conviction, without regard to actual offense quantities, was modified by the Fair Sentencing Act." [DE 92, at pp. 7-8]. Once a defendant is determined to be eligible for a reduced sentence, the Court then moves to step two, which is determining whether to exercise its discretion to reduce the defendant's sentence. It is this step that the parties addressed in their briefs and that the Court is addressing today.

The Court begins by noting that nothing in the First Step Act requires a Court to reduce a defendant's sentence. Indeed, Congress made clear its intent by specifically including this provision in the First Step Act: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Courts have construed this provision to mean that a district court has complete discretion whether to reduce a sentence imposed upon a defendant who was sentenced prior to the enactment of the Fair Sentencing Act. *Ladd v. Kallis*, No. 18-CV-1063, 2019 WL 1585110, at *2 (C.D. Ill. Apr. 12, 2019) ("The First Step Act gave sentencing courts discretion to resentence individuals such as Ladd, who had been sentenced prior to the Fair Sentencing Act."); *United States v. Bishop,* No. 10-CR-30166-JPG, 2019 WL 1377020, at *1 (S.D. Ill. Mar. 27, 2019) ("Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a

statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence."); *United States v. Glore*, No. 99-CR-82-PP, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019) ("The First Step Act does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); *United States v. Williams*, No. 08 CR 00401-4, 2019 WL 4014241, at *6 (N.D. Ill. Aug. 25, 2019) (Not only are judges not required to reduce the sentence, but they would naturally take evidence about the drug quantity into account in doing so).

In exercising its discretion, the Court is informed by a guideline comparison between the guidelines as they existed during the original sentencing and the guidelines as they exist today, as well as from any other information the parties present or the Court chooses to consider. The Court must be mindful, however, that any reduced sentence is to be imposed "as if [the Fair Sentencing Act] were in effect at the time the covered offense was committed." First Step Act § 404(b). This does not mean, however, that a Court should only grant a reduced sentence if the original sentence would have been lower had the Fair Sentencing Act been in effect at the time the covered offense was committed. *See United States v. Ware,* No. 3:96-CR-00008-1, 2019 WL 5208151, at *7 (M.D. Tenn. Oct. 16, 2019). "Nevertheless, the quoted language informs the exercise of the Court's discretion, indicating that a reduced sentence would not serve the purpose of the First Step Act if it would have made no difference if the Fair Sentencing Act 'were in effect at the time the covered offense was committed.'" *Id.*

### A. Term of Imprisonment

Before turning to the Sentencing Reduction Addendum filed by the Probation officer, it is helpful to review the original sentence received by Cole. Cole's original guidelines range was 262 to 327 months. This guidelines range was informed by the counts of conviction as well as an

enhancement filed by the Government and Cole's status as a career offender. In Cole's plea agreement, the parties agreed to a binding sentence of 240 months. In reliance on that plea agreement, the undersigned originally sentenced Cole to 180 months imprisonment for Count 3 and a 60 month consecutive sentence for Count 4. Cole's term of supervised release was 8 years.

By comparison, the Court has reviewed the Sentencing Reduction Addendum filed by the Probation Office, wherein the Probation determined the following:

> Presently, pursuant to the First Step Act and in consideration of Amendment 782, U.S.S.G. §1B1.10, and 18 U.S.C. § 3582(c)(2), there is no change in the defendant's sentencing guideline range. The combined guideline range for Counts 3 and 4, pursuant to U.S.S.G. § 4B1.1(c), remains 262 to 327 months. However, the defendant is no longer subject to a mandatory term of imprisonment in Count 3, and his minimum term of supervised release is now six years in Count 3.

[DE 94]. Based on this assessment, it appears clear that despite his eligibility for First Step Act relief, Cole's guideline range and ultimate sentence remain unaffected by the First Step Act with two exceptions: (1) the mandatory minimum sentence in Count 3 is no longer applicable; and (2) his minimum term of supervised release is now six years rather than the mandatory term of imprisonment of 8 years.

As for other factors, that may warrant a reduced term of imprisonment, the Probation Office noted that it recognized no public safety factors that would adversely reflect on Cole's sentence. The Probation office also noted that Cole has had three disciplinary violations since his federal incarceration. To Cole's credit, Probation notes that he has completed a significant number of prison training programs and received his high school diploma in 2002.

Turning now to the parties' briefs, they are, as one would expect. Cole asserts that the Court should use its discretion to reduce his term of imprisonment while the Government asserts that the Court should use its discretion in favor of the Government's position. On this issue, the Court concludes that the Government's position is well-taken for the following reasons.

First, Cole has already received a sentence below the applicable guidelines range due to his binding plea agreement with the Government. Thus, Cole's original sentence was 240 months with 8 years of supervised release. This binding plea agreement was negotiated and considered by Cole at the time he pled guilty in this case and he received his bargained for sentence, which was below the applicable guideline range.

Second, the guideline range of 262 – 327 months was not driven solely by the statutory penalties for his crack cocaine offense which have now been reduced. Rather, Cole was determined to be a career offender which informed his guideline calculation along with the gun offense, neither of which has been affected by the First Step Act.

Third, the Court has reviewed the §3553 factors and finds no factors that on balance warrant a reduction in Cole's original sentence. The Court has also read the letters of support received from Cole's family members as well as the letter from Dawn Channels, a Patient Care Technician at Kettering Medical Hospital in Kettering, Ohio. The Court thanks all of these individuals for their efforts on Cole's behalf. However, the seriousness of Cole's offenses as well as the fact that he is a career offender, having repeated his drug offenses three times over, and did so while utilizing a firearm weigh against the public's interest in reducing his sentence.

Finally, in circumstances such as the ones present here, where the sentencing guideline computation even after application of the Fair Sentencing Act did not change, Courts routinely decline to utilize their discretion to provide equitable relief for defendants. *See United States v. Coverson*, No. 2:05 CR 85, 2019 WL 6038433, at *1 (N.D. Ind. June 25, 2019) ("In sum, no benefit with respect to term of imprisonment would be received by defendant were the court to apply the Fair Sentencing Act of 2010 to his case as if it were effective at the time of his original sentencing."); *United States v. Easter,* No. 1:07-CR-153-02, 2019 WL 2602160, at *2 (M.D. Pa.

June 25, 2019) ("The applicable mandatory minimum here, however, has no effect on Easter's sentence since his guideline range is greater than the 5-year mandatory minimum so resentencing him as if the FSA had been in effect at the time of the offense would change nothing."); *United States v. Curb*, No. 06 CR 324-31, 2019 WL 2017184, at *3 (N.D. Ill. May 7, 2019) (where making the Fair Sentencing Act retroactive would have no effect on the defendant's sentence, no sentence reduction is authorized)*; United States v. McKinney,* 382 F.Supp.3d 1163, 1165 (declining to reduce sentence because "a retroactive application of the Fair Sentencing Act did not lower the applicable guideline range."); *United States v. Caldwell*, 2019 WL 1923908, at *1-2 (N.D. Ohio Apr. 30, 2019) (no reduction warranted where guideline range did not change and sentence remained justified by considerations previously set forth in plea agreement and discussed at original sentencing); *United States v. Jones*, No. CR 94-0067-WS, 2019 WL 1560879, at *2 (S.D. Ala. Apr. 9, 2019) (where retroactive application of Fair Sentencing Act would not have altered defendant's sentence, the First Step Act provides no sentencing relief).

Accordingly, the Court DECLINES to exercise its discretion to reduce Cole's term of imprisonment as application of the Fair Sentencing Act would not have altered his sentence.

### B. Supervised Release

Cole's current sentence includes an 8-year term of supervised release. United States Probation and the Government agree that were the Fair Sentencing Act applied in this case, Cole would be subject to a 6-year term of supervised release. (See Gov't Brief at 14 "The only relief the Court should give Cole is a reduction in his term of supervised release on Count 3 from 8 years to 6 years.") Accordingly, the Court now exercises its discretion to reduce Cole's term of supervised release to 6 years on Count 3.

### CONCLUSION

For the foregoing reasons, Cole's Motion to Reduce Sentence [DE 95] is DENIED in part and GRANTED in part and Cole's Motion for Equitable Relief previously taken under advisement [DE 83] is likewise GRANTED in part and DENIED in part, consistent with this Opinion and Order. Cole's term of supervised release is now **REDUCED** to 6 years.

SO ORDERED. This 2nd day of December, 2019.

s/ William C. Lee
United States District Court