UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NUMBER: 09-CR-118 |
| | ) | |
| ROBERT L. COLE | ) | |
| | ) | |
| | ) | |

## **OPINION AND ORDER**

Before the Court is Defendant, Robert L. Cole's ("Cole's") request for "Permission to File Out of Time Notice of Appeal" [DE 101] filed on January 13, 2020. In his Motion, Cole requests that this Court extend the time for him to file an appeal of this Court's Opinion and Order dated December 2, 2019 because he erroneously believed that he had sixty (60) days to appeal the order rather than the fourteen (14) days provided in the Federal Rules of Appellate Procedure.

In this Court's December 2, 2019 Order, this Court addressed Cole's request for relief under Section 404 of the First Step Act of 2018. In that Order, the Court reiterated a previous determination that Cole was eligible for relief under the First Step Act but ultimately declined to exercise the Court's discretion to reduce Cole's term of imprisonment. The Court did exercise its discretion to reduce Cole's minimum term of supervised release from eight (8) to six (6) years. Prior to entering this Order, the Court appointed the Federal Community Defender to represent Cole for purposes of determining whether the Court should exercise its discretion to resentence Cole. Thus, at the time that Cole received this Court's Opinion and Order, Cole was represented by counsel.

A criminal defendant's notice of appeal must be filed within fourteen days after entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A). However, "upon a finding of excusable

1

neglect or good cause, the district court may -- before or after the time has expired, with or without motion and notice -- extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4).

The Supreme Court has articulated a four-factor test for excusable neglect under Fed.R.App.P. 4(b)(4). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *United States v. Brown,* 133 F.3d 993, 996 (7th Cir.1998). In evaluating whether excusable neglect exists, a court should look to (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant's conduct was in good faith. *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489; *Brown,* 133 F.3d at 996. The Seventh Circuit has recognized, however, that the first and second factors (length of delay and prejudice to the opposing party) "do little analytical work in this context and thus are rarely dispositive." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014). Because the time for requesting an extension, 30 days, is relatively brief, by definition, the built-in short time frame keeps the risk of prejudice rather low. *Sherman v. Quinn*, 668 F.3d 421, 426 (7th Cir. 2012). Thus, the most important factor to look at in considering whether there is excusable neglect is the reason for the delay. *Satkar*, 767 F.3d at 707. Indeed, the Seventh Circuit has made it clear that the "excusable-neglect standard is a strict one; 'few circumstances will ordinarily qualify.' " *Id.*at 706 (quoting *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat (Admin. Of State Ins.*), 808 F.2d 1249, 1251 (7th Cir. 1987))

Here, the reason for delay provided by Cole cautions against granting his request. First, in his motion, Cole acknowledges prompt receipt of the December 2, 2019 Order. He further acknowledges that he promptly spoke with counsel and that he did not request his counsel to file

a notice of appeal of the Order on his behalf. He states that he did not inquire from counsel about the possibility of an appeal of the Order or the time frame for filing one. Thus, the onus for filing the Notice of Appeal falls squarely on Cole's shoulders, not on any error or misinformation from his counsel as to a time frame. Moreover, Cole provides no explanation as to why he could not file an appeal himself within 14 days except to say he was ignorant of the time frame for filing an appeal. However, "a simple case of miscalculating a deadline is not a sufficient reason to extend time, and judges do not have 'carte blanche' authority to allow untimely appeals. *Marquez v. Mineta,* 424 F.3d 539, 541 (7th Cir.2005); *United States v. Steele*, 126 F. App'x 752, 753 (7th Cir. 2005). Thus, neither Cole's lack of inquiry or diligence into the appropriate time frame or his failure to request counsel to file an appeal on his behalf constitute excusable neglect so as to justify extending the time for appeal. *See United States v. Alvarez-Martinez,* 286 F.3d 470, 473 (7th Cir.2002) (excusable neglect occurs only in unusual circumstances; inadvertence or miscalculation are not sufficient reasons to extend time).

Finally, any appeal would be futile in this case, because the Court acted within its discretion under the First Step Act as set out in this Court's Order. Therefore, Cole has not demonstrated either good cause or excusable neglect for failing to timely file a notice of appeal. Accordingly, his request to file an out of time appeal [DE 101] is DENIED.

Entered: This 7th day of February, 2020

s/ William C. Lee
United States District Court