UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NUMBER: 1:09-CR-118 |
| ) | |
| ROBERT L. COLE ) | |
| ) | |
| ) | |

**OPINION AND ORDER**

Defendant Robert L. Cole ("Cole"), a federal inmate who pled guilty to armed drug trafficking and is serving a 240-month sentence, filed a document captioned "Motion for Equitable Relief pursuant to the First Step Act of 2018 §404, Alternatively Pursuant to §3582, §3553, §3661 Respective to Petitioner's Term of Imprisonment" (ECF No. 128). Cole has made this identical request before, (ECF No. 83), when the case was assigned to former Judge William C. Lee. At that time, the Court addressed Cole's request for relief under Section 404 of the First Step Act of 2018. (ECF Nos. 92, 100). In those Orders, the Court appointed the Federal Community Defender to represent Cole for purposes of determining whether the Court should exercise its discretion to resentence Cole. Following briefing (ECF Nos. 95-98), the Court determined that Cole was eligible for relief under the First Step Act but ultimately declined to exercise the Court's discretion to reduce Cole's term of imprisonment – in part, because his plea agreement called for a binding term of 240 months, and in part, because he was a career offender based on his repeated drug arrests. The Court did exercise its discretion to reduce Cole's minimum term of supervised release from eight (8) to six (6) years.

As noted above, Cole refiled the identical motion with what the Court discerns as only one change – he has updated the programming he has completed at the BOP. While the Court encourages Cole to continue taking advantage of the programming available to him as it will be

1

helpful when his term of imprisonment ends, the Court has already spoken on this request. To the extent this motion seeks reconsideration of that decision based on the additional programming, the Court does not find that to be a sufficient reason to reduce his term of imprisonment. The Defendant agreed to and received a binding term of 240 months' imprisonment – a sentence that was less than the guideline range of 262-327 months. That substantial sentence was imposed to protect the public from further armed drug trafficking crimes by the defendant and to deter the defendant from further drug trafficking activities. The Court finds no reason to disturb this sentence. Cole's motion (ECF No. 128) is DENIED.

SO ORDERED on July 30, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT