UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09-CR-118-HAB |
| | ) | |
| ROBERT COLE | ) | |

## OPINION AND ORDER

Defendant Robert L. Cole seeks compassionate release under 18 U.S.C §3582(c)(1)(A) (ECF No. 122). He asks the Court to reduce his sentence because of his lengthy term of imprisonment and other circumstances. The Government opposes the motion in principal and because Defendant has not exhausted his administrative remedies for all grounds presented prior to filing his motion. (ECF No. 127). Cole did not reply. Because the Government is correct, in part, that Defendant failed to exhaust his administrative remedies on all grounds presented to the Court prior to filing his compassionate release motion, the Defendant's motion will be DENIED for failure to exhaust on those grounds. As to the issues Cole did exhaust, his motion is DENIED for failure to set forth an extraordinary and compelling reason for his release.

## FACTUAL BACKGROUND

In November 2009, Cole was charged, first in a criminal complaint and later in a four-count indictment (ECF No. 16) with two counts of distributing 5 grams or more, but less than 50 grams of cocaine base "crack;" one count of possessing with intent to distribute 5 grams or more but less than 50 grams of cocaine base "crack;" and one count of carrying a firearm during and in relation to a drug trafficking crime.

On February 9, 2010, Cole entered a plea of guilty to Count 3, possession with intent to distribute five (5) grams or more, but less than fifty (50) grams of cocaine base "crack" and Count

4, carrying a firearm during and in relation to a drug trafficking crime of the Indictment. (ECF No. 27). Pursuant to the terms of the plea agreement, Cole and the Government agreed to a binding term of 240 months imprisonment in exchange for a comprehensive appellate waiver. (ECF No. 24). A presentence investigation report was prepared and the probation officer concluded that Cole qualified as a career offender. His combined guideline range for Counts 3 and 4 was 262 to 327 months. (PSR, ECF No. 38, ¶ 48). At sentencing, the Court accepted the terms of the binding plea agreement and sentenced Cole to 180 months imprisonment on Count 3 and a consecutive 60 months' imprisonment on Count 4, for a total of 240 months imprisonment. (ECF No. 39.)

Cole is currently incarcerated at FCI Milan with a release date of August 9, 2027.

## DISCUSSION

### a. Legal Standard

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id.* § 1B1.13(b)(1);
- the defendant's age, *id.* § 1B1.13(b)(2);
- the defendant's family circumstances, *id.* § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id.* § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

If the defendant identifies one or more of these circumstances, the court proceeds to the second step and "exercis[es] the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *United States v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022).

### b. Exhaustion

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government contends that Defendant failed to satisfy the requirement, at least as to certain grounds. (ECF No. 127).

Prisoners have two routes to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of

3

such a request" by the warden of the prisoner's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). In *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021), the Seventh Circuit clarified that the exhaustion requirement is a mandatory claim-processing rule and "*must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense a defendant has the burden to show he properly exhausted all administrative avenues available to him. *Sanford*, 986 F.3d at 781–82 ("the defendant must first present his request for compassionate release to the warden *and exhaust administrative appeals* (if the request is denied)…").

Further, to properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

A review of Defendant's filings confirm that the Defendant requested compassionate release from the Warden on November 20, 2024. (ECF No. ECF No. 122 at 8). The email he sent to the Warden reads:

> I have been incarcerated 15 (sic), my sentence will end in 2027. I have an exemplary prison behavior record. I have completed many programs and continue to do programming, and a job. I have a release plan that incudes a place to live and a union job. I am asking you to please consider my rehabilitation, the fact that I have had an extraordinarily long sentence, and the fact I would be sentenced far lower if sentenced today for the same crime. Thank you for your consideration.

On December 6, 2024, the Warden responded "Please speak with your Unit Team on this matter." Nothing in the documentation shows either a formal denial of the request or whether Cole was advised of appeal rights within 30 days of his filing his motion in this Court. So, as to the issue of

4

his rehabilitation and having served an unusually long sentence, the Court finds exhaustion has occurred.

However, in his compassionate release filing with the Court, Defendant submits 91 pages of medical documentation and asks that the Court consider his medical conditions when ruling on his motion. The Government points out that nowhere in his email with the Warden, did Cole raise his medical conditions as an extraordinary and compelling reason for his release. Nor has Cole replied to the Government claiming that he did, in fact, raise those issues with the Warden. Accordingly, the Court finds that exhaustion has not been met with respect to Cole's medical conditions.

### c. Cole's "Unusually Long Sentence" cannot be an Extraordinary or Compelling Reason

Cole contends that his "unusually long sentence" constitutes a basis for compassionate release.

The relevant portion of the Guideline provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Cole argues that his sentence would have been less if he had been sentenced today given the adjustments to the crack cocaine guidelines.

There are two problems with this argument. First, Cole entered into a binding plea agreement with the Government for 240 months' imprisonment so regardless of the changes to the crack cocaine guidelines, he is bound by his plea agreement. But even if the Court disregarded the binding term in the plea agreement, subsection (b)(6) is invalid in this Circuit under *United States*

5

*v. Thacker*, 4 F.4th 569 (7th Cir. 2021). *See United States v. Black*, 131 F.4th 542, 543 (7th Cir. 2025) ("[T]he Commission's attempt to [controvert *Thacker*] exceeds its statutory authority ...."). *Black*, following the holding of *Thacker*, conclusively determined that changes in the law "cannot serve as a basis for a defendant's eligibility [for compassionate release] by itself or in combination with other factors." *Id*. at 548. Until the Supreme Court declares otherwise, then, Defendant's argument, and all arguments hoeing the same row, must fail in this Circuit. Cole thus cannot use (b)(6) as a basis for his compassionate release.

### d. *Cole's Rehabilitation Efforts are not Extraordinary or Compelling Reasons*

In his request to the Warden, Cole highlights his efforts at rehabilitation while incarcerated and his "exemplary" prison adjustment. In response, however, the Government submitted exhibits showing that Cole has had multiple conduct violations over his years at the BOP including: possession of a hazardous tool (cell phone); tattooing; fighting with another person; and two violations for being in an unauthorized area. As the Government points out this is not an "exemplary" record.

And while Cole has participated in substantial programming, such as educational and occupational classes, "[t]aking classes while incarcerated is common rather than extraordinary." *United States v. Vaughn,* 62 F.4th 1071, 1072 (7th Cir. 2023). These efforts will serve Cole well upon his release, estimated to be in a little over two years, and the Court congratulates him for an effective use of his time. But even after the amendments to the Guidelines, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d). Consistent with the Guidelines, the Court rejects Cole's argument that his rehabilitation is an extraordinary or compelling reason for release.

6

     e.    *Cole's Grounds, Considered Together, are not Extraordinary or Compelling*

As discussed above, none of Cole's circumstances are extraordinary or compelling on their own. The Court has considered the reasons together and finds them no more worthy of compassionate release. *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021) (finding that proposed extraordinary and compelling reasons must be considered cumulatively). Unlike comorbidities, Cole's proposed reasons do not interact in a synergistic fashion where the whole is greater than the sum of its parts. Instead, the reasons are separate, with none particularly close to meeting the statutory requirements. The Court finds no extraordinary or compelling circumstances supporting release so Cole's motion must be denied.[1]

## Conclusion

For these reasons, Defendant's motion for compassionate release (ECF No. 122) is DENIED.

SO ORDERED on July 30, 2025.

                                          s/ *Holly A. Brady*
                                          CHIEF JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT

---

[1] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).